# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| HERMAN BENARD | § | |
| VS. | § | CIVIL ACTION NO. 1:13cv599 |
| DIRECTOR, TDCJ-CID | § | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Herman Benard, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to 28 U.S.C. § 636. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the petition be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Petitioner asserted several grounds for review in his original petition and an additional ground for review in an amended petition. The Magistrate Judge concluded that review of the amended petititon ground of review was procedurally barred and that the original grounds for review were without merit.

*The Additional Ground for Review in the Amended Petition*

Petitioner's additional ground for review asserted that he was denied counsel at a critical stage of the proceedings when counsel did not assist him in presenting a witness and evidence of a conspiracy in connection with a motion for new trial. The Magistrate Judge concluded that as the ground for review had not been presented to the Texas Court of Criminal Appeals, and as the Court of Criminal Appeals would not consider a second state application for writ of habeas corpus asserting the ground for review, consideration of the ground for review was procedurally barred.

In his objections, petitioner asserts the ground for review was asserted in a supplemental brief during his state proceedings. However, the supplemental brief petitioner refers to was filed with the intermediate appellate court. In order for a ground for review raised by a Texas inmate to be considered properly exhausted, it must be presented to the Court of Criminal Appeals. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001); *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). As the additional ground for review was never presented to the Court of Criminal Appeals, the Magistrate Judge correctly concluded that consideration of the ground for review was procedurally barred.[1]

*The Original Grounds for Review*

Petitioner's original grounds for review were based on four claims that he received ineffective assistance of counsel either at trial or on appeal. The Magistrate Judge concluded these claims were without merit. Petitioner objects to the Magistrate Judge's conclusion regarding three of these claims.

A. Speedy Trial

More than six years elapsed between the date on which petitioner was indicted and the date on which his trial commenced. The case was assigned to a new attorney more than two years after the indictment was returned. Counsel subsequently filed two motions requesting a speedy trial. Trial commenced approximately six months after the second motion was filed. Petitioner asserted counsel was ineffective for failing a request a hearing on the speedy trial motions and not forcing the trial court to rule on the motions. Petitioner asserts counsel's omission prejudiced him in two ways: (1) the delay in going to trial deprived him of the chance to receive a plea offer in time to properly discuss it with counsel and his family and (2) his two sons showed a loss of memory during their trial

---

[1] The procedural bar can be avoided if a petitioner shows cause and prejudice for failing to present the ground for review to the Court of Criminal Appeals. Petitioner asserts actions taken by the trial court hindered counsel's ability to present evidence in support of a motion for new trial. He states this constitutes cause. However, even if the trial court improperly prevented counsel from presenting evidence to it, this would not have prevented petitioner from presenting his additional ground for review to the Court of Criminal Appeals. As a result, petitioner has not shown cause for his procedural default.

testimony.

The Magistrate Judge concluded this claim was without merit because petitioner had not shown counsel's performance fell below an objective standard of reasonableness or that counsel's performance resulted in prejudice.[2] With respect to counsel's performance, the Magistrate Judge noted that while the court did not rule on counsel's two motions for a speedy trial, petitioner was brought to trial with six months of the date on which the second motion was filed. The Magistrate Judge concluded that while counsel could perhaps have done more, the filing of two motions requesting a speedy trial prevented the conclusion that counsel was ineffective on this point. With respect to prejudice, the Magistrate Judge stated petitioner had not shown that what he believed to be an inadequate time to consider the plea offer was caused by the delay he experienced in being brought to trial. Regarding testimony by petitioner's sons that they could not remember particular facts, the Magistrate Judge concluded that as the matters they could not remember were relatively minor and they were able to provide detailed testimony in support of petitioner's case, there was not a reasonable probability the result of the proceeding would have been different if they had been able to testify fully as to the facts they stated they could not remember.

In his objections, petitioner states counsel mistakenly advised him to reject the plea offer because there was too little time to consider the offer. He makes no objections to the Magistrate Judge's conclusions regarding the testimony of his sons.

The Magistrate Judge correctly concluded petitioner failed to demonstrate that the delay in trial kept him from having adequate time to consider the plea offer and receive advice from counsel. As the magistrate judge stated there is no reason to believe that if petitioner had been brought to trial earlier, he would have had additional time to consider the plea offer and receive advice. Nor is there any reason to conclude counsel would have provided different advice if trial had commenced sooner.

---

[2] To prevail on a claim of ineffective assistance of counsel, a petitioner must show counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability the result of the proceeding would have been different without counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

If petitioner had been brought to trial within two years of his indictment being returned, there is nothing in the record to indicate that the time between petitioner receiving a plea offer and trial beginning would have been longer than it actually was. Accordingly, petitioner has failed to demonstrate he suffered prejudice with respect to his plea offer because counsel did not act more aggressively in attempting to have petitioner brought to trial.

Petitioner also asserts the Magistrate Judge construed his claim too narrowly. He states that in addition to the claim of ineffective assistance of counsel relating to counsel's omissions regarding his motions for a speedy trial, he is also asserting a freestanding claim that his constitutional right to a speedy trial was violated. However, a review of both the original and the amended petition reveals petitioner has failed to assert a freestanding claim based on the denial of a speedy trial. More importantly, petitioner also failed to present such a claim to the Court of Criminal Appeals in either his petition for discretionary review or his state application for writ of habeas corpus. As a result, even if petitioner was granted leave to amend his petition to include a freestanding claim, review of such a claim would be procedurally barred in this proceeding.

B. Failure to Locate Witnesses and Prepare for Trial

Petitioner states that he asserted he had been involuntarily drugged by the victim prior to the shooting, but counsel failed to locate and interview witnesses to support this assertion. He states a thorough search of the neighborhood for witnesses would have uncovered Anthony Curtis Simmons, who lived near petitioner and who provided an affidavit in support of petitioner's motion for a new trial. The affidavit asserted Mr. Simmons had been present when the victim and Lawrence Rideaux discussed a plan to get petitioner hooked on crack cocaine so he would become a regular user and also buy drugs for the victim and Mr. Rideaux.

The Magistrate Judge concluded counsel's actions or omissions on this point did not fall below an objective standard of reasonableness. He stated counsel had no reason to believe that any of petitioner's neighbors, other than the neighbors that had previously been identified as witnesses, saw the shooting and, moreover, had no reason to believe any of petitioner's neighbors were aware

4

of a conspiracy between the victim and Mr. Rideaux to provide petitioner with drugs. In addition, the Magistrate Judge concluded petitioner suffered no prejudice as a result of counsel's omissions because if Mr. Simmons had testified at trial, his testimony would have been contrary to petitioner's own testimony that he had never used drugs and would not have asked for a joint on the day of his shooting. The Magistrate Judge observed that if was difficult to see how testimony that contradicted petitioner's own testimony would have been beneficial to petitioner and that, regardless, testimony from Mr. Simmons would have been cumulative to testimony provided by petitioner's sons.[3]

Petitioner objects, stating that he was denied his constitutional right to have a subpoena issued to compel Mr. Simmons to testify at trial and that, with respect to his motion for new trial, he was denied counsel at a critical stage of the proceedings. However, as previously stated, review of petitioner's assertion that he was denied counsel at a critical stage of the proceedings is procedurally barred. Moreover, as Mr. Simmons had not been identified as a potential witness at the time of trial, petitioner was not denied his right to have a subpoena issued to force Mr. Simmons to appear at trial. The Magistrate Judge correctly concluded that counsel's actions and omissions regarding this ground for review did not cause petitioner to suffer prejudice and did not fall below an objective standard of reasonableness.

    C. <u>Right Against Self-Incrimination</u>

Petitioner states that during closing arguments, counsel objected on two occasions to statements by the prosecutor that counsel believed violated petitioner's Fifth Amendment protection against self-incrimination. The trial court overruled the objections and petitioner states appellate counsel was ineffective for failing to assert that such action constituted error.

The Magistrate Judge observed that while counsel made several objections during closing arguments, only one objection referred to petitioner's right against self-incrimination. The Magistrate Judge then concluded that as petitioner had testified at both the guilt/innocence and

---

[3] One son testified petitioner was mad because someone had put crack in a joint and tried to get him to smoke it. The other son testified that petitioner asked for a joint.

punishment phases of the trial, he had waived his constitutional protection against self-incrimination. Appellate counsel was therefore not ineffective for failing to raise this point on appeal.

In his objections, petitioner acknowledges he testified at trial. However, he states he never waived his right against self-incrimination. This objection is without merit. By taking the stand and testifying at trial, petitioner waived his Fifth Amendment privilege against self-incrimination. *United States v.* Fernandez, 559 F.3d 303, 331 (5th Cir. 2009). As a result, failing to raise this point on appeal did not constitute ineffective assistance of counsel.

*Conclusion*

The Magistrate Judge correctly concluded that the claim asserted in the amended petition was procedurally barred. In order to be entitled to relief with respect to the claims he originally asserted, petitioner must demonstrate that the rejection by the state courts of these claims either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law or (2) was based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254. Petitioner has failed to satisfy this burden. As a result, the Magistrate Judge correctly recommended that these claims be denied.

ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED** as the opinion of the court. A final judgment shall be entered in accordance with the recommendation of the Magistrate Judge.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability concerning his petition. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84; *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not demonstrate

6

that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that the issues raised by his petition are subject to debate among jurists of reason. The factual and legal issues raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

So **ORDERED** and **SIGNED** this **27** day of **September, 2016.**

_____
Ron Clark, United States District Judge